CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/7/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LYNCHBURG MILL, LLC, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:22CV00004 |
| | ) |
| OWNERS INSURANCE COMPANY, | ) |
| Serve: C T Corporation System, Registered Agent | ) |
|        4701 Cox Road, Suite 285 | ) |
|        Glen Allen, Virginia 23060 | ) |
| | ) |
| and | ) JURY TRIAL DEMANDED |
| | ) |
| AUTO-OWNERS INSURANCE COMPANY, | ) |
| Serve: C T Corporation System, Registered Agent | ) |
|        4701 Cox Road, Suite 285 | ) |
|        Glen Allen, Virginia 23060 | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT

Comes now the Plaintiff, Lynchburg Mill, LLC ("Plaintiff"), by counsel, and for its Complaint against the Defendants, Owners Insurance Company and Auto-Owners Insurance Company, in this insurance coverage action, states as follows:

### The Parties

1. The Plaintiff is a Virginia limited liability company with one of its two members being a resident and citizen of Virginia and the other one being a resident and citizen of Florida.

2. The Defendant, Owners Insurance Company, is a corporation believed to be organized under the laws of Ohio with its principal place of business in a state other than Virginia or Florida and is authorized to transact business as an insurance company in Virginia.

3. The Defendant, Auto-Owners Insurance Company, is a corporation believed to be organized under the laws of Michigan, with its principal place of business in a state other than Virginia or Florida and is authorized to transact business as an insurance company in Virginia.

4. The Defendants are related companies and are part of a group of affiliated entities referring to themselves as the "Auto-Owners Insurance Group."

## Jurisdiction

5. Diversity jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332(a) as the matter in controversy herein is between citizens of different states and exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## Venue

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this district and division.

## Background

7. Plaintiff owns an apartment building located at 1329 Jefferson Street in the City of Lynchburg in which Plaintiff rents apartments to third parties to generate income ("the Property").

8. In October 2020, Plaintiff, through an insurance agency worked to procure property insurance on the Property.

9. Plaintiff received an insurance policy via transmittal from "Auto-Owners Insurance."

10. The policy, number 164645-43979469-20 ("Policy"), was issued by Defendant Owners Insurance Company effective December 2, 2020 and expiring December 2, 2021. (A copy of the Policy is attached as Exhibit 1).

11. The Policy contained a broad coverage form which included, encompassed, and covered direct physical loss unless the loss was excluded or limited by the Policy.

12. In addition to covering damages to the Property itself, the Policy covered, among other things, loss of income resulting from a covered loss.

13. In the summer of 2021, the City of Lynchburg ("City") was engaged in making repairs and/or improvements to an underground drainage system owned and operated by the City.

14. On information and belief, the drainage system handled sewage and stormwater (together, "waste") in a common pipe.

15. Part of the City's system included a number of underground vaults where some of the waste would be directed through pipes designed to control and regulate the waste and direct it in a controlled manner to a final controlled discharge.

16. One of these underground vaults was located within what is believed to be an easement or right of way held by the City on the edge of the Plaintiff's Property's parking lot.

17. Part of the work performed by the City involved its contractors replacing the vault with a larger vault to accommodate more waste. The contractors were installing this new vault under the Plaintiff's parking lot in another area of the lot.

18. In the course of doing so, the contractors needed to bypass the existing pipes from the vault. The contractors placed 4 or 5 pumps near the vault, the purpose of which was to pump the waste from the vault into a large pipe that would bypass the area where the new vault was being installed and transfer the pumped waste to another drainpipe beyond the bypassed area, which would then carry the waste to its ultimate destination.

19. On July 11, 2021, as a result of the negligence and other failures of the contractors to, among other things, properly maintain, operate, oversee, and monitor the waste pumping

operations, the pumps failed to execute the bypass pumping as required and instead of waste from the regulator vault passing to the bypass pipe, waste was discharged from the vault onto the Property and into Plaintiff's building, inundating a number of apartments with waste until the City and/or its contractors showed up and restored proper pump operations.

20. As a result of the direct physical loss to the Property, Plaintiff incurred significant damages, including costs to remediate the conditions caused by the waste, repairs to the building and its contents, other costs and expenses to restore the building and bring the Property back to operation, rent abatement and payment for temporary housing for displaced tenants, continuing operating expenses, and loss of income.

21. Plaintiff gave prompt notice to the Defendants of the event and submitted a claim under the Policy for coverage of Plaintiff's losses.

22. Plaintiff submitted information concerning its damages to the Defendants.

23. By letter dated August 10, 2021, on letterhead styled "Auto-Owners Insurance" and signed by Auto-Owners Insurance Company (though one of its representatives), the Defendants denied Plaintiff's claim.

24. Defendants asserted that coverage for the loss was excluded by certain provisions of the Policy which they excerpted and quoted in their letter. (A copy of their letter is attached as Exhibit 2).

25. While Owners Insurance Company is the party which issued the Policy, its affiliate, the Defendant Auto-Owners Insurance Company, was also involved in adjusting the claim and the decision to deny coverage of Plaintiff's claim and signed the claim denial letter. Both Defendants are part of the "Auto-Owners Insurance Group."

## Cause of Action
(Breach of Contract and Claim for Attorney's Fees)

26. The allegations in paragraphs 1 through 25 are incorporated herein by reference.

27. Owners Insurance Company contracted with the Plaintiff to pay for loss or damages to the Property caused from any covered event or occurrence under the Policy.

28. The cause of Plaintiff's loss and damages was covered by the Policy and was not within the exclusions relied upon by the Defendants. The waste discharge from the City's regulator vault was not the result of any enumerated (and undefined) excluded causes.

29. Plaintiff complied with all terms and conditions of the Policy including paying its premiums, by giving timely notices of the occurrence or event and its claim, and otherwise discharging its obligations in submitting its claim such that it is entitled to indemnity under the Policy.

30. Defendants breached the parties' insurance contract in wrongfully denying the Plaintiff's covered claim under the Policy.

31. Plaintiff has been damaged as set forth in paragraph 20, above, which damages to date total the approximate principal sum of $1,100,000.00. Those damages continue to accrue as Plaintiff continues to sustain operating expenses and loss of income and other costs and expenses to repair and restore the Property.

32. The Defendants have not fairly and properly adjusted Plaintiff's loss and have wrongfully denied coverage.

33. The Defendants have not acted in good faith in denying coverage for Plaintiff's losses.

34. Virginia Code Section 38.2-209 provides that an individual, such as the Plaintiff, shall be entitled to recover from the insurer costs and such reasonable attorney's fees as the Court

may award where the Court determines the insurer was not acting in good faith in denying coverage.

35.     This suit constitutes a suit by Plaintiff to determine whether coverage exists given Defendants' denial of Plaintiff's claims for its damages.

36.     The Defendants have not acted in good faith. In addition to the judgment for the losses and damages sustained, Plaintiff is entitled to payment of its costs, expenses, and reasonable attorney's fees under Virginia Code Section 38.2-209 for Defendants' failure to act in good faith in denying its claim.

WHEREFORE, your Plaintiff, Lynchburg Mill, LLC, respectfully requests trial by jury and seeks judgment against the Defendants Owners Insurance Company and Auto-Owners Insurance Company in the principal amount of One Million One Hundred Thousand and 00/100 ($1,100,000.00) and such other accruing damages, together with prejudgment and post judgment interest, along with reasonable attorney's fees, litigation expenses, and costs under Virginia Code Section 38.2-209, and other applicable state and federal law, and such other and further relief as the Court deems just and proper.

LYNCHBURG MILL, LLC

By: /s/ Robert A. Ziogas
       Of Counsel

Robert A. Ziogas (VSB No. 24964)
Email: rziogas@glennfeldmann.com
Paul G. Beers (VSB No. 26725)
Email: pbeers@glennfeldmann.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Counsel for Lynchburg Mill, LLC